IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, )<br>)<br>)<br>Interpleader Plaintiff, )<br>)<br>v. )<br>)<br>MATEUSZ J. ZAGATA, )<br>)<br>and )<br>)<br>LAVERNE F. TAWECH, )<br><br>Interpleader Defendants. | JUDGMENT<br><br>Case No. 12-CV-548 |

### FINAL JUDGMENT OF INTERPLEADER

This cause having come before the Court on the parties' pleadings and on the Plaintiff's Unopposed Motion for the Entry of a Final Judgment of Interpleader, and the Court having reviewed and considered the parties' written motions, pleadings, and evidence of record in this Court's file and docket, and the Court being fully advised:

**THE COURT FINDS AS FOLLOWS:**

1. This Court has subject matter jurisdiction of this cause under 28 U.S.C. §§ 1335 and 2361.

2. This Court has personal jurisdiction of both the Interpleader Defendants ("Defendants") and each of the Defendants has appeared herein by counsel of record.

3. Farmers New World Life Insurance Company ("Farmers") issued to Paul J. Tawech a life insurance policy, number 003145944U (the "Policy") that became payable following his March 4, 2012 death.

4. The full and total liability of Farmers under the Policy is $150,000.00 plus all applicable accrued interest through the date of payment (the "Proceeds").

5. On or about May 23, 2012, Farmers was informed by counsel for Defendant Tawech that she claimed an interest in the Proceeds.

6. On June 15, 2012, Defendant Zagata filed a complaint against Farmers in Marathon County Circuit Court, in Wausau, Wisconsin, with case number 12-CV-644, asserting a claim for breach of contract—for failure to pay the Proceeds to him.

7. Farmers is a neutral stakeholder and does not claim any beneficial interest in the Proceeds.

8. On August 3, 2012, Farmers filed this interpleader action to avoid multiple liability or litigation or both, and is entitled to interpleader relief as requested in the Plaintiff's unopposed motion for the entry of this Final Judgment of Interpleader.

9. Farmers is prepared to deposit the full and total amount of the Proceeds with the Clerk of this Court to abide the further order of this Court.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

A. This Court has subject matter jurisdiction over this lawsuit and venue is proper in this Court.

B. This Court has personal jurisdiction over each party to this lawsuit.

C.  Farmers is hereby ordered to deposit its total admitted liability of $150,000.00, along with all applicable accrued interest, with the Clerk of this Court for the Clerk to deposit in an interest-bearing account.

D.  Upon depositing its admitted liability, Farmers will have discharged its full and total liability for the Proceeds due under the Policy and shall have no further liability to the Defendants, to any other person or entity claiming through or for the benefit of the Defendants, or to any other person or entity claiming an interest in the Proceeds.

E.  The Defendants, any person or entity claiming through or for the benefit of the Defendants, and any other person or entity claiming an interest in the Proceeds, are permanently and perpetually restrained and enjoined from commencing or prosecuting any proceeding or claim against Farmers in any state or federal court or any other forum with respect to the Proceeds due under the Policy, including Circuit Court Case No. 12-CV-644 (Marathon County, Wisconsin).

F.  Farmers is excused from further attendance upon this cause and the adverse claimants shall litigate their claims to the Proceeds which are the subject of this lawsuit without further involving Farmers.

G.  Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this order is a final judgment [in favor of the Interpleader Plaintiff] and this Court expressly finds and determines that there is no just reason to delay enforcement or appeal of this order.

SO ORDERED this 15th day of October, 2012.

Hon. William M. Conley
United States District Court Judge

8469658_1   Entered this 16th day of October, 2012.

Peter Oppeneer
Clerk of Court